IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GRETCHEN GARRITY,

   Plaintiff,

v.              3:12-CV-02287
               (JUDGE MARIANI)

MOUNTAINVIEW THOROUGHBRED
RACING ASSOCIATION,

   Defendant.

## MEMORANDUM OPINION

On October 10, 2013, this Court held a hearing with counsel and with Plaintiff Gretchen Garrity regarding Ms. Garrity's counsel's Motion to Withdraw as Attorney, (see Doc. 32), and Defendant's Motion for Sanctions for failure to cooperate in discovery, (see Doc. 37). Notwithstanding the fact that notice of the hearing had been sent to Plaintiff Garrity by certified mail[1] and that she had been informed of the hearing by a telephone conversation with court personnel, Ms. Garrity arrived at the hearing approximately one hour late. (See Unofficial Tr. at 12:21-13:9.) At the time that she arrived, the Court had already granted both motions. (See id. at 6:18-7:21, 12:8-10.) It nonetheless allowed Plaintiff to testify, during which time she expressed her consent to counsel's Motion to Withdraw. (Id. at 34:12-35:18.) She did not consent to the Motion for Sanctions, but the

---

[1] All mail has been sent to Plaintiff's 46 York Farm Road address, which is Plaintiff's address of record. (See Unofficial Tr. at 13:25-4.) According to the Plaintiff, this is her mother's address. (Id. at 14:8-10.) However, it is the address that she chose to maintain for litigation purposes, and she testified that she visits the address frequently. (Id. at 14:9-10.) She also testified that her mother appears to have accepted delivery of court documents. (Id. at 13:10-20.)

Court, finding her reasons for objecting conflicted with her sworn deposition testimony, declined to reverse its prior ruling on the Motion. (*Id.* at 33:10-34:8.) Plaintiff was then given until November 11, 2013 to either have new counsel enter an appearance or inform the Court that she will proceed *pro se*. (*See* Doc. 33 at ¶ 2.)

Following the hearing, Defendant's counsel submitted an affidavit showing a total of $3,444.15 expended in attorney fees and costs attributed to Plaintiff's failure to cooperate in discovery. (*See* Doc. 35 at ¶ 2.) The Court then ordered Plaintiff to pay these costs to the Defendant, consistent with its oral ruling granting the Motion for Sanctions. (*See* Doc. 37.)

As to the Motion to Withdraw, Plaintiff did not inform the Court of whether she had found new counsel within the timeframe imposed, but rather submitted a *nunc pro tunc* request for a sixty-day extension of time to comply with the Court's Order, which was received on November 25, 2013, (*see* Doc. 38), and subsequently granted on November 26, (*see* Doc. 39). In granting the request, the Court allowed Plaintiff until January 27, 2014 to comply with its October Order. (*See id.* at ¶ 2.) The Clerk of Court was directed to send the Court's Order to the Plaintiff's last known address, which was confirmed as her current address during the October hearing. (*See id.* at ¶ 4.)

As of January 28, 2014, Plaintiff had still not submitted the requested materials, and Defendant filed the instant Motion to Dismiss for Failure to Prosecute (Doc. 40). The

Motion noted that, not only had Plaintiff not complied with the Order to inform the Court of whether she had found new counsel, but that she had also not paid the $3,444.15 that the Court ordered her to pay. (See id. at ¶¶ 14-20.) Again, Plaintiff never responded to this Motion, so the Court directed her, on February 20, 2014 to (1) show cause why her case should not be dismissed for failure to prosecute and (2) file a response to the Motion to Dismiss. (Doc. 42 at ¶ 1.) The Order gave her twenty-eight days—or until March 17—to do so. (Id.) The Order was also directed to be sent to Plaintiff's address of record by certified mail. (Id. at ¶ 3.)

Finally, on April 1, 2014, Defendant's Motion to Dismiss, Brief in Support, and the Court's February Show Cause Order were returned to the Court as unclaimed by the Plaintiff. (See Doc. 43.)

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for failure to prosecute. Unless stated otherwise, "a dismissal under this subdivision . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

District Courts in the Third Circuit are required to balance six factors in determining whether to grant such a dismissal with prejudice. These factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

Notwithstanding the fact "that dismissals with prejudice . . . are drastic sanctions," *id.* at 867, the Court finds that the *Poulis* factors warrant dismissal here.

First, Plaintiff is entirely responsible for the delays in this litigation. She has disregarded three Court orders (i.e., the November 25 and February 20 Orders and the Order directing her to pay fees and costs); only belatedly responded to another (i.e., the first Order to inform the Court of new counsel); showed up late to the only Court-ordered hearing in this case; and engaged in the uncooperative conduct that led to the Motion for Sanctions. These acts constitute a history of dilatoriness, stretching back at least until early October 2013 (i.e., a period of six months, which totals approximately one-third of the period of litigation). These delays are also highly prejudicial to the Defendant, in that Plaintiff's delay has caused this case to languish for months without discovery and without the ability to move the case any closer to completion. The $3,444.15 awarded in sanctions further reflects this Court's prior determination that Plaintiff's noncompliance has caused Defendant to incur unwarranted costs. Furthermore, the Court can only conclude that this conduct was "willful," in that it was consistent, lasted for an extended period of time, and was found to be flagrant enough to warrant sanctions at the October 10 hearing. Thus, *Poulis* factors (1), (2), (3), and (4) are clearly satisfied.

The Court also concludes that sanctions other than dismissal would not be effective. For a period of six months, Plaintiff was given every opportunity to continue her case and avoid dismissal. She has nonetheless ignored every Court Order directing her to cooperate in the litigation, so much so that, in the six months since the hearing, she has not even completed the basic task of notifying the Court of whether or not she has retained an attorney—a task that could be completed with minimal effort on her part. Thus, *Poulis* factor (5) is also satisfied.

The fact that the last three documents that were mailed to the Plaintiff have been returned as unclaimed does not change the foregoing analysis. Either Plaintiff no longer has regular contact with the address on file with the Court—but has not informed the Court of a change of address—or she has refused delivery of the documents sent to her. In neither case, however, would she be fulfilling her duties as a litigant to cooperate in the just and speedy resolution of her case. Nor is it significant that the address of address of record is Plaintiff's mother's address, rather than Plaintiff's address. It is the address that she has chosen to maintain on file; if she considered the address outdated, it would be a simple task to so notify the Court.

This leaves only the sixth factor, the meritoriousness of Plaintiff's claim. While Plaintiff's claim may very well be meritorious, the mere potential for merit cannot be enough to salvage the case when, for half a year, Plaintiff has neglected all of her

obligations to litigate the claim. In such a situation, the Court deems all arguments as to the potential merits of her claim to be waived. Moreover, even assuming that the sixth factor weighs against dismissal, "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindex v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). When the first five factors weigh so heavily in favor of dismissal, the Court finds sufficient justification to dismiss the case.

Accordingly, Defendant's Motion to Dismiss (Doc. 40) is **GRANTED**. A separate Order follows.

Robert D. Mariani
United States District Judge